# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 5:21-cr-0280 |
| ) | 5:25-cv-1178 |
| Plaintiff-Respondent, ) | |
| ) | Judge J. Philip Calabrese |
| v. ) | |
| ) | |
| TRACY M. WILLIAMS-LINARES, ) | |
| ) | |
| Defendant-Petitioner. ) | |
| ) | |

## OPINION AND ORDER

Petitioner Tracy M. Williams-Linares, representing herself, brings a motion under 28 U.S.C. § 2255 to vacate her sentence for bank fraud. Ms. Williams-Linares's motion challenges her sentence based on the guideline range in her plea agreement. For the reasons that follow the Court **DENIES** the motion.

## FACTUAL BACKGROUND

In Case No. 5:21-cr-280 (unless otherwise noted, all citations to the record relate to that case), Ms. Williams-Linares was charged in a single-count indictment with bank fraud in violation of 18 U.S.C. § 1344. (ECF No. 1, PageID #8.) Specifically, the indictment charged that from September 2, 2016 to June 19, 2019, Ms. Williams-Linares executed and attempted to execute a scheme and artifice to defraud Fifth Third Bank, a federally insured financial institution, and to obtain moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of Fifth Third Bank, by means of false and fraudulent pretenses, representations, and promises. (*Id.*)

After extensive discovery, including expert review, Ms. Williams-Linares signed a plea agreement with the United States on June 10, 2024. (ECF No. 57, PageID #250.) The plea agreement contained a provision stating that Ms. Williams-Linares "expressly and voluntarily waive[d]" her right "to challenge the conviction or sentence collaterally thorough a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255." (*Id.*, ¶ 20, PageID # 244.) Also, the agreement waives Ms. Williams-Linares's right to appeal her sentence under 18 U.S.C. § 3741, but reserves her right to appeal "any punishment in excess of the statutory maximum," "any sentence to the extent it exceeds the maximum of the sentencing imprisonment range determined under the advisory Sentencing Guidelines[,]" or other "legal remedies [Ms. Williams-Linares] may otherwise have on appeal or collateral attack with respect to claims of ineffective assistance of counsel or prosecutorial misconduct." (*Id.*)

The same day Ms. Williams-Linares signed the plea agreement, she pled guilty in court. (Minutes, June 10, 2024.) On September 18, 2024, the Court sentenced Ms. Williams-Linares to a 21-month term of imprisonment. (ECF No. 58.)

## STATEMENT OF THE CASE

On June 6, 2025, Petitioner filed a *pro se* motion to vacate her sentence under 29 U.S.C. § 2255. (ECF No. 62.) In her motion, Ms. Williams-Linares advances one ground for vacating her sentence. She claims that her attorney did not make her aware that the guideline range calculated under the plea agreement was "way above" the range actually determined under the United States Sentencing Guidelines. (ECF

2

No. 62, PageID #296.)  On that basis, she seeks "immediate release from prison" and a reduction in her time on supervised release.  (*Id.*, PageID #304.)

## ANALYSIS

Under 28 U.S.C. § 2255, a federal prisoner may move the court that sentenced her to vacate, set aside, or correct the sentence.  The movant may attack her sentence on the grounds that (1) it was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).  To obtain relief under Section 2255 after a guilty plea, however, a petitioner must demonstrate "an error of constitutional magnitude" that had a substantial and injurious effect or influence on the proceedings.  *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)).  A petitioner must also demonstrate "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).  A petitioner bears the burden of articulating specific facts that entitle her to relief.  *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961).

A court should hold an evidentiary hearing on a Section 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).  "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley*, 285 F.2d at 735.

I.  Guideline Calculation

Petitioner argues that her attorney did not make her aware that the guideline range calculated as contemplated in her plea agreement substantially exceeded the guideline range determined under the Sentencing Guidelines, resulting in a higher sentence than she otherwise would have received. (ECF No. 62, PageID #296.) She alleges that, at sentencing, the undersigned told her that she "should not have accepted the plea deal because it was much higher than the sentencing guidelines." (*Id.*) She argues that she should have received a sentence of only 14 months. (*Id.*) Had her attorney shared information about the actual guideline range, she says, she would not have accepted the plea. (*Id.*)

I.A.  The Plea Agreement

Guideline calculations can be difficult. To try to avoid some complexities, and for other reasons too, defense counsel and an assistant United States Attorney might agree on a guideline calculation. In this case, the parties' plea agreement contained an agreement that the total offense level before acceptance of responsibility was 21 (ECF No. 57, ¶ 16, PageID #243), making the final offense level 18. At the time the parties negotiated the plea agreement, they did not know Ms. Williams-Linares's criminal history score. If she fell within criminal history category I, her guideline range with a total offense level of 18 would be 27 to 33 months. In criminal history category II, that range becomes 30 to 37 months. Additionally, the parties anticipated that Ms. Williams-Linares might be a zero-point offender (that is, that she might not have a criminal history that matters under the guidelines). In that event, the United States agreed to recommend a further two-level reduction, bringing her offense level

to 16, resulting in a lower guideline range of 21 to 27 months. (*Id.*, ¶ 19, PageID #243.)

On its face, then, Ms. Williams-Linares's central contention in her motion under Section 2255 rests on a mistaken claim about the relationship between the plea agreement and guidelines. Contrary to her claim, the plea agreement plainly contemplated a guideline range of 21 to 27 months on the assumption that Ms. Williams-Linares fell within criminal history category I and was a zero-point offender. Notably, the parties had no agreement about the sentence or the sentencing range and remained free to argue for what each thought an appropriate sentence might be. (ECF No. 57, ¶¶ 13 & 14, PageID #242.)

### I.B. The Presentence Report

In the presentence report, the recommended guideline calculation set the total offense level after acceptance of responsibility at 16 and her criminal history category as I, making the guideline range 21 to 27 months. (ECF No. 52, ¶ 57, PageID #203.) But the presentence report identified prior criminal convictions for driving under the influence (*id.*, ¶¶ 32 & 33, PageID #197), disqualifying Ms. Williams-Linares from being a zero-point offender. Moreover, the presentence report contained an error in reporting Ms. Williams-Linares' criminal history too. It identified two prior convictions for driving under the influence. (*Id.*) But each one scored a point in the criminal history calculation. So, the criminal history category should have been II, not I. With an offense level of 16 and a criminal history category of II, the advisory guideline range is 24 to 30 months. As it turned out, however, those were the same incident and conviction, just reported twice (owing to the way the courts in Cook

5

County, Illinois maintain records). (*See* ECF No. 60, ¶ 32, PageID #271.) Therefore, the final presentence report corrected that error. (*Id.*)

### I.C. The Guideline Range at Sentencing

In fairness to Ms. Williams-Linares, counsel for the parties used an erroneous calculation of the loss amount in the plea agreement. That oversight resulted in a two-level increase to the offense level in the plea agreement relative to the guideline calculation in the presentence report. In other words, the Court accepted the lower, correct loss amount, resulting in a 10-level enhancement to the base offense level instead of the 12-level enhancement contemplated in the plea agreement. But that error in the plea agreement nets out in the wash because Ms. Williams-Linares was not, contrary to what the lawyers believed, a zero-point offender. As a result, correcting for its error, the plea agreement should have used a total offense level of 19, before acceptance of responsibility. After acceptance of responsibility, the total offense level would be 16, which yields an advisory guideline range of 24 to 30 months in criminal history category II and 21 to 27 months in criminal history category I.

One can see how discussion of these calculations might confuse an experienced federal lawyer, let alone a lay person. In any event, there should be no confusion about two key arguments Ms. Williams-Linares makes. First, the Court did *not* tell her that she should not have accepted the plea agreement. The Court said no such thing. To the contrary, the record shows that the Court imposed a sentence of 21 months consistent with the parties' position in the plea agreement anticipating that Ms. Williams-Linares would be a zero-point offender, though she was not. Second, there is no basis in the record for Ms. Williams-Linares to believe that she "should

have only gotten 14 months." (ECF No. 62, PageID #296.) At sentencing, her attorney advocated for a non-custodial sentence. As explained at sentencing, the Court has an obligation to calculate the correct the guideline range. *See Gall v. United States*, 552 U.S. 38, 49 (2007). The Court calculated a guideline range of 21 to 27 months based on an offense level of 16 and a criminal history category of I. (ECF No. 60, ¶ 54, PageID #278.) Then, the Court considers the factors under 18 U.S.C. § 3553(a) to fashion a sentence that is sufficient but not greater than necessary. The Court considered these factors on the record at sentencing and imposed a sentence of 21 months, one at the low-end of the advisory guideline range and one consistent with the guideline calculation the parties agreed on in the plea agreement.

To the extent Petitioner suggests that she received ineffective assistance of counsel in connection with her plea or sentencing, the record dispels any such notion. Petitioner's counsel worked diligently on this case for years, deciphered a lengthy and complicated record, and worked with an expert and an investigator to achieve the best possible result for his client. Additionally, Petitioner represented at her change of plea and sentencing that she was satisfied with the representation she received from her lawyer. Nothing in her motion leads the Court to question that her plea was anything other than knowing, intelligent, and voluntary. Ms. Williams-Linares just does not like the sentence she received.

## II. The Plea Agreement's Waiver

Even if Ms. Williams-Linares's motion under Section 2255 had merit, though it does not, it still fails because her plea agreement expressly waives her right to pursue bring such a motion.

7

Plea agreement waivers of Section 2255 rights are generally enforceable where a defendant enters them "knowingly, intelligently, and voluntarily." *Davila v. United States*, 258 F.3d 448, 450–51 (6th Cir. 2001). Ms. Williams-Linares does not maintain that her plea does not satisfy this standard. In any event, the record would not support such a claim. Because Ms. Williams-Linares entered a knowing, intelligent, and voluntary plea, the waiver of her right to bring a motion under Section 2255 within the plea agreement is enforcement and bars her motion. *See Portis v. United States*, 33 F.4th 331, 335 (6th Cir. 2022) (enforcing plea agreement waivers where the petitioner did not challenge the plea). Accordingly, the plea agreement in this case forecloses Ms. Williams-Linares's motion.

## CONCLUSION

For the foregoing reasons, the Court determines that the plea agreement bars Ms. Williams-Linares's motion pursuant to Section 2255 and lacks merit in any event. Accordingly, the Court **DENIES** Ms. Williams-Linares's motion and finds that an evidentiary hearing is not warranted. Pursuant to Section 2253, the Court finds that these determinations are not fairly susceptible to debate among reasonable jurists and, therefore, **DECLINES** to issue a certificate of appealability.

**SO ORDERED.**

Dated: June 13, 2025

J. Philip Calabrese
United States District Judge
Northern District of Ohio

8